IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CRYSTAL MICHELLE SPARKS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 9:18-cv-00427-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| EDWARD DAVIS, BEST ASSET GROUP LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiff Crystal Michelle Sparks's ("Crystal") motion to remand, ECF No. 7. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

This action arises out of a tractor-trailer collision that occurred on November 23, 2016 in Orangeburg County, South Carolina. On that day, Crystal's husband, Wilbur Dean Sparks ("Dean"), was traveling west on Interstate 26. Defendant Edward Davis ("Davis") was also travelling west while operating a tractor trailer in the right lane of the interstate, parallel to Dean. Davis allegedly changed lanes and collided with Dean's vehicle, causing Dean to suffer various injuries.

On August 25, 2017, Dean filed an action in the Hampton County Court of Common Pleas, requesting damages not to exceed $74,999. On February 2, 2018, Dean filed an amended complaint in county court, removing the $74,999 damages cap. On September 17, 2017, Crystal filed a loss of consortium case in the Hampton County Court of Common Pleas, limiting her damages to no more than $74,999. Defendants removed

1

both cases on February 14, 2018. Defendants have moved in Dean's case to consolidate Crystal's and Dean's cases. See Wilbur Dean Sparks v. Edward Davis, et. al., 2:18-cv-00428, ECF No. 6. However, on March 15, 2018, Crystal filed a motion to remand her case. ECF No. 7. Defendants filed their response in opposition on March 21, 2018. ECF No. 8. The motion has been fully briefed and is ripe for the court's review.

## II. STANDARD

As the party seeking to invoke the court's jurisdiction, defendants have the burden of proving jurisdiction upon motion to remand. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (citing Mulcahy v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)); see Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996) (stating that the party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed). In deciding a motion to remand, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction. Id. "If federal jurisdiction is doubtful, a remand is necessary." Mulcahy, 29 F.3d at 151 (citations omitted), Pohto v. Allstate Ins. Co., No. 10-2654, 2011 WL 2670000, at *1 (D.S.C. July 7, 2011) ("Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court.").

## III. DISCUSSION

Federal district courts have jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Defendants argue that removal of Crystal's case was proper because, even though her amount in

2

controversy does not exceed $75,000, her case is substantially related to her husband's case, and thus the court should exercise supplemental jurisdiction over her case pursuant to 28 U.S.C. § 1367. The court disagrees.

Section 1367 provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. This statute empowers the court to exercise jurisdiction over other <u>claims</u> that are brought within an action, if those claims are sufficiently related to the case or controversy. It does not empower the court to exercise supplemental jurisdiction over independent state-court actions, even if they do involve the same facts. The situation before this court does not involve a single action in which separate claims have been brought by different plaintiffs. Rather, it involves two distinct actions that were filed separately in state court and which have been individually removed. As Crystal has noted, "[u]nder South Carolina law, unlike that of some other states, loss of consortium is an independent action, not derivative." <u>Stewart v. State Farm Mut. Auto. Ins. Co.</u>, 533 S.E.2d 597, 604 (S.C. Ct. App. 2000). Thus, the court finds that it may not exercise supplemental jurisdiction over Crystal's entirely separate state action.

Having found that the court will not exercise supplemental jurisdiction over Crystal's action, the court next considers whether it may otherwise exercise subject-matter jurisdiction over the matter due to diversity. Because Crystal's complaint does not allege an amount in controversy exceeding $75,000, the court finds that the matter does not meet the requirements of § 1332. Accordingly, the court grants Crystal's motion to remand.

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to remand.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 11, 2019**
**Charleston, South Carolina**